THE STATE, Appellant, vs. DUFF, Respondent.

*September 30 — October 25, 1892.*

*Collection of forfeitures: Who may take appeal.*

1. In an action in the name of the state to recover a forfeiture not recoverable before a justice of the peace, an appeal from a judgment against the state can be taken only by the district attorney or, possibly, by the attorney general.

The State vs. Duff.

2. If an appeal in such case is taken by an unauthorized person, the appellate court acquires no jurisdiction of the subject matter; and such jurisdiction cannot be conferred by the *ex post facto* consent of the district attorney, nor by any delay in raising the objection.

APPEAL from the Circuit Court for *Waukesha* County.

This is a civil action brought in the circuit court by D. S. Tullar, Esq., then the district attorney of Waukesha county, to recover of defendant the forfeitures imposed by sec. 1331, R. S., for alleged encroachments upon a public highway in the town of Mukwonago in that county. Judgment is demanded for $426 and costs. A trial in the circuit court resulted in a judgment of nonsuit. The district attorney took an appeal from such judgment, and this court reversed the same. *State v. Duff*, 80 Wis. 13.

Mr. Tullar's term of office as district attorney expired in January, 1891, after such appeal had been taken, and he was succeeded by Mr. Cook, who is the present incumbent of the office. Before such appeal was taken, to wit, on November 18, 1890, the board of supervisors of Waukesha county passed the following resolution: " *Resolved*, that the district attorney, D. S. Tullar, Esq., be, and he is hereby, instructed to perfect an appeal to the supreme court in the case of *State of Wisconsin against James Duff*, for an encroachment upon a public highway, and to conduct said case to its termination." Acting upon this resolution, after the case was remitted to the circuit court, Mr. Tullar prosecuted it in that court on behalf of the state. The second trial resulted in a verdict and judgment for the defendant. Thereafter Mr. Tullar, without the concurrence of the district attorney, Mr. Cook, took this appeal, which the defendant now moves to dismiss for the alleged reason that the district attorney alone is competent to take a valid appeal in the cause.

The cause was submitted for the appellant on a brief signed by *D. S. Tullar*, attorney, and a supplemental brief

signed by *D. S. Tullar*, attorney, and *Alex. Cook*, district attorney for Waukesha county, of counsel, and for the respondent on the brief of *Ryan & Merton*.

LYON, C. J.   The motion papers show that Mr. Cook, the present district attorney of Waukesha county, now approves this appeal and asks this court to uphold the same and that the case may proceed to judgment under his direction as district attorney.   It is claimed that this approval and request of the district attorney cures any supposed defect in taking the appeal.   It is also urged that the defendant has waived the right to question the validity of the appeal by allowing the cause to proceed without objection until after appellant's brief on the appeal was served.

If the appeal was not taken by a person authorized by law to take it, this court has no jurisdiction thereof.   Jurisdiction of the appeal is of the subject matter, which cannot be conferred by the *ex post facto* consent of the district attorney, or by failure of the defendant to raise the question of jurisdiction earlier.   If the appeal was invalid when taken, it remains invalid.   Hence the controlling question is, May an appeal be taken in the action by any person other than the district attorney or, perhaps, the attorney general?   The answer to this question depends mainly upon the construction of certain provisions of the Revised Statutes, which will be briefly examined. Sec. 752 provides that it shall be the duty of the district attorney " to prosecute or defend all actions, applications, or motions, civil or criminal, in the circuit court of the county, in which the state or county is interested or a party."   Sec. 3294 provides for the recovery of forfeitures in cases like this by civil action.   Sec. 3298 prohibits the bringing of such an action before a justice of the peace except by direction of certain officers therein named, and

prohibits an appeal from a judgment against the state in any such action, unless directed by the attorney general or district attorney. The substance of this section was first enacted in ch. 192, Laws of 1877. The statute on that subject, in force when the law of 1877 was passed, is preserved in the present Revision, and stands as sec. 3304. That section requires the chairman of a town, if he knows or has reason to believe that a forfeiture has been incurred in his town, recoverable before a justice of the peace, to bring an action therefor. The next section requires the district attorney to attend to and conduct such action, on request of the chairman. The balance of sec. 3305 relates to actions to recover forfeitures not recoverable before a justice of the peace. This action belongs to that class. The same section makes it the duty of the district attorney to commence and prosecute such actions, and, so far as we are advised, there is no statute which confers authority to do so upon any other officer or person.

These statutes are *in pari materia*, and must be construed together. So construed, their meaning seems clear. An action to recover a forfeiture may be brought before a justice of the peace by any one of several officers named in the statute. But, if judgment goes against the state in any such action, only the attorney general or district attorney can appeal to the circuit or supreme court. An appeal from such judgment by any other officer or person would be a nullity. But, if the action is not cognizable before a justice of the peace, the restriction comes earlier. In such case only the district attorney can bring the action, and he alone is charged with the conduct thereof. It necessarily results that (with the possible exception of the attorney general) he is the only one who can take an appeal therein if judgment goes against the state. The restriction on the right of appeal in sec. 3298 was evidently inserted therein on the hypothesis that the same restriction already existed in ac-

tions for forfeitures not cognizable by a justice of the peace. Certainly the reasons for such restriction are just as strong in one case as in the other.

If the resolution of the board of supervisors of November 18, 1890, is construed as purporting to give Mr. Tullar authority to take this appeal, it failed to accomplish that object, because the board has no control of the matter.

We perceive no escape from the conclusion that this appeal, in its present form, is unauthorized, and confers upon this court no jurisdiction of the case. It must therefore be dismissed.

*By the Court.*— Appeal dismissed.